UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA ANTONIA MEJIA DE PENA, GERMAN HERNANDO MARIN SALAZAR, and DIANA ASTRID HERNANDEZ RINCON,<br><br>        Plaintiffs,<br><br>        v.<br><br>ABBY DAISEY & MILEY LLC, and DONALD WEINER,<br><br>        Defendants. | **ORDER**<br>24-CV-031325 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiffs commenced this action on February 22, 2024, asserting claims for violations of the Fair Labor Standards Act, the New York Labor Law, the New York State Human Rights Law, and the New York City Human Rights Law. ECF No. 1 (Complaint). At first, Plaintiff Salazar actively participated in this lawsuit. However, Mr. Salazar's participation in this action stopped in October 2024, when he failed to appear for his scheduled deposition after failing to attend numerous meetings scheduled with his counsel. ECF No. 21-1 ¶¶ 4–6 (Affidavit in Support of Motion to Withdraw). As a result of this and other irreconcilable differences that had arisen between Mr. Salazar and his then-counsel, including disregarded communications and missed meetings, the attorney who had represented Mr. Salazar from the commencement of this action moved to withdraw on November 15, 2024. ECF No. 21 (Motion to Withdraw).

The Court granted the motion to withdraw on November 18, 2024, and gave Mr. Salazar until December 18, 2024, to either find new counsel or file a letter on the docket informing the Court of his intent to proceed *pro se* in this matter. Nov. 18, 2024, Text Order. To ensure that Mr. Salazar received notice of the Court's Order, the Court directed Mr. Salazar's outgoing

counsel to serve a copy of the Order on Mr. Salazar using "all known addresses, phone numbers, and email addresses, and file a letter on the docket . . . confirming that he ha[d] done so and detailing the methods he used to fulfil his service obligations." *Id.*[1] The Court also stayed the action for 30 days to allow Mr. Salazar to obtain new counsel. The Court warned Mr. Salazar that failure to either obtain new counsel or inform the Court that he intended to proceed *pro se* in this case, and provide the Court with current contact information, "may result in the dismissal of his claims with prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which means that he will lose his ability to assert the claims alleged in his complaint against Defendants." *Id.*

No attorney noticed an appearance on behalf of Mr. Salazar by December 18, 2024, and Mr. Salazar did not file a letter on the docket indicating his intent to proceed *pro se*. On December 19, 2024, the Court *sua sponte* extended that deadline and gave Mr. Salazar until January 17, 2025, to obtain a new attorney or inform the Court that he wished to proceed *pro se*. Dec. 19, 2024, Text Order. The Court again unambiguously warned Mr. Salazar that "if he fail[ed] to comply a second time, the Court will dismiss his claims with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure[.]" *Id.* At the Court's direction, the Clerk of Court mailed a copy of the Court's Order to Mr. Salazar at the address provided by his former counsel. *Id.* A week has passed since Mr. Salazar's most recent deadline to demonstrate that he intends to proceed with this case, and more than two months have passed since the Court's initial order directing him to do the same, and yet he has not filed any response. Accordingly, the Court finds that dismissing Mr. Salazar's claims with prejudice is appropriate.

---

[1] Mr. Salazar's outgoing counsel confirmed that he had served his former client as required by the Court's Order. ECF No. 24.

When considering dismissing claims for failure to prosecute pursuant to Rule 41(b), the Second Circuit has directed district courts to consider the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[2]

Each of the relevant factors favors dismissal. As described above, the Court warned Mr. Salazar multiple times that, after his counsel's withdrawal, he needed to either obtain new counsel or file a letter on the docket providing the Court with current contact information and indicating that he intended to continue prosecuting his claims *pro se*. The Court warned that Mr. Salazar's claims would be dismissed for failure to prosecute if he failed timely to come forward to participate in the case. Mr. Salazar's non-participation in the case began when he failed to appear for his deposition, more than three months ago, and has been exacerbated by his failure to comply for more than two months with Court Orders issued after his counsel's withdrawal. Defendants would be prejudiced by being forced to attempt to disprove the claims of a party who has been nonresponsive, has not been deposed, and is unlikely to participate in further discovery. Similarly, the Court has an interest in eliminating a non-participating party from its docket, to allow this case to proceed forward expeditiously rather than be further delayed for the benefit of a party who has shown no interest in participating in this case for months. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

courts." *Rojas v. L-Ray, LLC*, No. 20-cv-6109, 2021 WL 6127047, at *2 (S.D.N.Y. Dec. 28, 2021) (dismissing claims pursuant to Rule 41(b)).

Finally, the Court has considered imposing less drastic sanctions, such as monetary sanctions. But since warning Mr. Salazar that his case would be dismissed has not triggered his participation, "there is no reason to believe that a lesser sanction would be effective." *Aguilar v. Kimo Mgmt. Grp. Corp.*, No. 21-cv-7537, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (dismissing claims pursuant to Rule 41(b) because plaintiff ignored order warning about potential dismissal and "appear[ed] uninterested in pursuing her claims"). The fact that Mr. Salazar has failed to appear in this case even after he was served with multiple Court Orders warning of the consequences of that failure, suggests that he is unlikely to resume participating in this case in response to lesser sanctions.

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff Salazar's claims with prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is respectfully directed to enter partial judgment against only Mr. Salazar and to dismiss Mr. Salazar's claims. Nothing in this Order affects the claims asserted by the remaining Plaintiffs. The Clerk of Court is also respectfully directed to mail a copy of this Order and the partial judgment to Mr. Salazar at the address listed in his counsel's letter, *see* ECF No. 24, which is 107-19 90th Street, Ozone Park, NY 11417, and to note the mailing on the docket.

SO ORDERED.

                                                            */s/ Hector Gonzalez*
                                                          HECTOR GONZALEZ
                                                          United States District Judge

Dated: Brooklyn, New York
       January 24, 2025